UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTICIA JEANETTE COATES,
                    Plaintiff,

                    v.                                    CIVIL ACTION NO. 12-11837-RWZ
ATTORNEY MICHAEL D. CURRAN,
                    Defendant.

MEMORANDUM AND ORDER

ZOBEL, D.J.

BACKGROUND

        On October 2, 2012, plaintiff Norticia Jeanette Coates ("Coates"), currently

residing at the Massachusetts New England Center for Homeless Veterans in Boston,

Massachusetts, filed a skeletal self-prepared complaint against Attorney Michael D.

Curran, the legal representative of JP Morgan Chase Bank.  Apart from identifying the

parties to the action, Coates's complaint is unintelligible.  It includes only one paragraph

for relief, stating:

        Plaintiff requests the jurisdiction over thic [sic] case pursuant to 28 U.S.C.
        1332.  Reasons Non-Payment 6 month Default on Federal Court Demand
        Filed Date 03/23/2012 Defendant Caused Detrimental Harm Causing
        Plaintiff to Be Homeless.

Compl. (Docket No. 1 at 1, ¶ 4).  The civil cover sheet attached to the complaint states

the cause of action is based, *inter alia*, on civil rights, recovery of defaulted student

loans, and non-payment of a criminal and civil demand.  She seeks $2,500,000.00.

        This action is a refiling of a case Coates filed on March 20, 2012 in the District of

Arizona (Phoenix Division).  See Coates v. Curran, et al., Civil Action No. 2:12-cv-

00594-DKD.[1]  On April 14, 2012, United States Magistrate Judge David K. Duncan

---

[1]The instant complaint indicates the docket number from the District of Arizona in the
caption.  This action is one of seven civil actions filed by Coates on October 2, 2012.

issued an Order (Docket No. 9) finding that as, pled, the complaint did not set forth a

basis for the Court's subject matter jurisdiction nor did it comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  Coates was directed to

file an amended complaint, which she did on May 21, 2012.  On June 6, 2012,

Magistrate Judge Duncan issued an Order (Docket No. 11) dismissing the action.  The

Order noted that Coates's amended complaint stated: "I plaintiff request that the [Court]

do not allow both defendants to prolong this criminal litigation action over 6 months to a

year or file bankruptcy due to the action of attorney Michael d, Curran falsely calling the

child protective service filing a false report 3/20/2012 4000 central avenue down town

phoenix."  Id. at 1-2.  The Court noted that having given Coates an opportunity to

amend, and considering all the pleadings, it would have been futile to afford Coates any

further opportunity to amend.  Id. at 2.

After the dismissal, Coates filed two motions for reconsideration and other

motions seeking relief.  All the motions were denied.  She then filed the instant action.[2]

Along with the complaint in this case, Coates filed a Motion for Leave to Proceed

in forma pauperis (Docket No. 2), and a document entitled "Motion Subpoena Felony

Complaint" (Docket No. 3).  In that motion, directed to Chief Judge Wolf, she requests

that a warrant issue against Attorney Curran for "non-payment on federal court demand

that concludes final action and legal provisions ordered by the federal court district

ARIZONA.  Assigned state federal judge Honorable JAMES A. TEILBORG."  Motion

(Docket No. 3 at 1).  Additionally, Coates alleges that the defendant is in "felony

negligence tort-criminal and civil violation reasons ignoring a federal court order failing

---

[2]On September 4, 2012, Coates filed a Motion to Transfer the action to Massachusetts.
On October 18, 2012, the motion was denied.

to meet complaint within a specified time period." Id. at 2.

In addition to the Motion Subpoena Felony Complaint, Coates filed a proposed Notice of Default (Docket No. 4), including a proposed Default Judgment (Docket No. 4 at 5) in the amount of $2,500,000.00 with a 97% prejudgment interest rate from March 20, 2012 to September 28, 2012.

Notably, apart from a name change of the defendant, the texts of the complaint and the Motion Subpoena Felony Complaint are substantively identical to other civil actions in this Court filed by both Coates and her husband, David Lionel Fowler ("Fowler").  See Coates v. Erickson, Civil Action No. 12-11839-DPW; Coates v. McCroskey, Civil Action No. 12-11838-MLW; Coates v. Social Security Administration, Civil Action No. 12-11836-DPW; Coates v. Michigan Department of Human Services, Civil Action No. 12-11834-DPW; Coates v. Social Security Administration, Civil Action No. 12-11832-GAO;  Coates v. JP Morgan Chase Bank, N.A., Civil Action No. 12-11831-RGS; Fowler v. Berrien County Probate Court, Civil Action No. 12-11828-RWZ; and Fowler v. Social Security Administration, Civil Action No. 12-11826-RGS.

In Coates's lawsuit against JP Morgan Chase Bank, N.A., Judge Stearns found that she appeared to be refiling a dismissed case from the District of Arizona in which she sought to recover $7,984.00 and/or sought criminal prosecution against the bank for the loss of this money.  See Coates v. JP Morgan Chase Bank, N.A., Civil Action No. 12-11831-RGS; Memorandum and Order (Docket No. 9) (Nov. 1, 2012).  The action was dismissed by Judge Stearns sua sponte for lack of subject matter jurisdiction.

## DISCUSSION

I.    The Motion for Leave to Proceed In Forma Pauperis

Upon review of Coates's financial disclosures indicating that she has no

substantial assets or income, this Court finds that she lacks funds to pay the filing fee

for this civil action.  Accordingly, plaintiff's Motion for Leave to Proceed *in forma*

*pauperis* (Docket No. 2) is <u>ALLOWED</u>.

II.     <u>Preliminary Screening of the Complaint</u>

        Because plaintiff is proceeding *in forma pauperis*, her complaint is subject to

screening under 28 U.S.C. § 1915(e)(2).[3]  Further, in addition to the statutory screening

requirements under § 1915, the court has an independent obligation to inquire, *sua*

*sponte,* into its subject matter jurisdiction.[4]  In connection with this preliminary

screening, the *pro se* pleadings are construed generously.  <u>Hughes v. Rowe</u>, 449 U.S.

5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Instituto de Educacion</u>

<u>Universal Corp. v. U.S. Dept. of Education</u>, 209 F.3d 18, 23 (1st Cir. 2000).  Even under

a broad reading, however, this action will be <u>DISMISSED</u> for the reasons set forth

below.

III.    <u>Lack of Jurisdiction</u>

        Plaintiff fails to demonstrate a *bona fide* basis for the assertion of the subject

matter jurisdiction of this Court.  Although she asserts diversity jurisdiction pursuant to

28 U.S.C. § 1332, and, even crediting that the parties are of diverse citizenship (a fact

---

[3]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

[4]<u>See</u> <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  <u>See also</u> <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

that plaintiff omits), she fails to state any credible basis for her assertion that the amount in controversy is $2,500,000.00.  If her claims against Attorney Curran were based on his representation of JP Morgan Chase Bank, N.A. and the allegation that she lost $7,984.00 from the bank, then it is beyond peradventure that the *bona fide* amount in controversy is $2.5 million.  If claim against Attorney Curran is based on alleged false reports made to child protective services, she fails to provide any credible factual basis for finding that the amount in controversy exceeds $75,000.00.

In light of this, the Court cannot find that the amount in controversy exceeds $75,000.00 for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] Moreover, there is no basis for the invocation of this Court's federal question jurisdiction under 28 U.S.C. § 1331.[6]

---

[5]As an additional matter, while this court need not address the matter in any detail, it is noted that there is an almost certain probability that venue is improper and that there is no personal jurisdiction over Attorney Curran.  There are no factual allegations in the complaint from which it could be inferred that Attorney Curran purposefully availed himself of the privilege of conducting business in Massachusetts, nor does it appear that the controversy arises out of or relates to Attorney Curran's activities in Massachusetts. Plaintiff sued JP Morgan Chase Bank, N.A. stating its location as Phoenix, Arizona (where she formerly resided).  Thus, it reasonably is inferred that Attorney Curran's actions in representing the bank took place in Arizona.  This inference is supported by an internet search which revealed that Attorney Curran is a lawyer in Phoenix, Arizona. Further, it would not be foreseeable to Attorney Curran that he would be haled into a court in Massachusetts based on his representation of JP Morgan Chase Bank, N.A. outside of Massachusetts.  Thus, it is likely that the exercise of personal jurisdiction over Attorney Curran would not comport with the Due Process Clause of the Fourteenth Amendment in light of the insufficient minimum contacts with Massachusetts.

[6]Plaintiff alleges that Attorney Curran is liable as counsel for a private bank; therefore, no state action appears to exist.  See Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4-7 (1st  Cir. 2005) (discussing test for determining if state action exists).  Absent state action, there is no cognizable federal constitutional claim under 42 U.S.C. § 1983.

IV.     <u>Failure to Comply With Fed. R. Civ. P. 8</u>

Even if this Court had jurisdiction over this action, there is still a fundamental legal impediment warranting dismissal of this case, namely, Coates's complaint fails to set forth any plausible claim against Attorney Curran upon which relief may be granted. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(alteration in original)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see</u> <u>Rivera v. Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "['']meaningful opportunity to mount a defense,'" <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004)(quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)).  <u>See also</u> <u>Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.</u>, 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal...[,] 'minimal requirements are not tantamount to nonexistent requirements.'" <u>Id.</u> (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)).

Here, plaintiff's sparse complaint is incoherent.  It lacks the "who, what, where, when, and why" information necessary to state a claim upon which relief may be granted against Attorney Curran.  Further, it fails to provide sufficient notice to the defendant of the basis for asserted liability, and therefore it would be unfair to the

6

defendant to have to respond to the complaint.

Generally, this Court would permit a *pro se* litigant an opportunity to cure the
Rule 8 pleading defects; however, in these circumstances, given plaintiff's prior litigation
in the District of Arizona, this Court considers that affording such further opportunity
would be an exercise in futility and a waste of the judicial resources of the Court.
Plaintiff already has had three prior opportunities (two in the District of Arizona and one
in this Court (via the instant complaint)) to set forth plausible claims against Attorney
Curran (as well as an opportunity to address the subject matter jurisdiction issues), and
she has failed to do so each time.

V.    The Motion Subpoena Felony Complaint

To the extent that Coates seeks criminal proceedings to be instituted against
Attorney Curran, this Court finds the request to be unfounded.  A private citizen, such as
Coates, lacks a judicially cognizable interest in the federal prosecution or
non-prosecution of another.  See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619
(1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R.
1990)(same).[7]

Accordingly, Coates's Motion Subpoena Felony Complaint (Docket No. 3) is

---

[7]Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise
provided by law, each United States attorney, within his district, shall – (1) prosecute for
all offenses against the United States."  28 U.S.C. § 547 (1).  Thus, Coates does not
have standing to bring a criminal action in federal court because no statute authorizes
her to do so.  Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*);
accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*)(stating that only the
United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone
v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999)(stating that individual citizens have no
private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516
(conduct of litigation in which the United States is a party is reserved to officers of the
Department of Justice, under the direction of the Attorney General).

DENIED in all respects.

CONCLUSION

Based on the above, it is hereby Ordered that:

1.      Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is
        ALLOWED;

2.      Plaintiff's Motion Subpoena Felony Complaint (Docket No. 3) is DENIED; and

3.      This action is DISMISSED in its entirety.


SO ORDERED.


                                        /s/ Rya W. Zobel
                                        RYA W. ZOBEL
DATED: November 16, 2012                UNITED STATES DISTRICT JUDGE